## C. F. MITCHELL *vs.* CHARLES H. ELWELL.

Waldo.    Opinion November 11, 1907.

*Real Actions.    Mortgages.    Assignments.    Estoppel.    Foreclosure.    Conditional Judgment.    R. S., chapter 92, sections 5, 9.*

In a writ of entry brought by the assignee of a first mortgage to recover possession of certain premises, it appeared that both parties derived title from one Oscar E. Perry, who on Jan. 9, 1897, gave a first mortgage thereof to Charles E. Sherman, to secure the payment of $250. Eight months later, he gave a second mortgage to his father Isaac·B. Perry conditioned for the latter's support during his life. June 16, 1900, he gave a third mortgage of the same premises to the plaintiff Mitchell, and Dec. 20, 1906, the plaintiff obtained from Charles E. Sherman, an assignment to himself of the first mortgage given to Sherman. Prior to this assignment of the Sherman mortgage to the plaintiff, however, the defendant had obtained from Sherman a written agreement to assign the mortgage to him, the defendant, in consideration of $250, $175 of which the defendant paid to Sherman. But before the assignment to the plaintiff, this agreement between Sherman and the defendant was rescinded and cancelled by a written agreement signed by the parties, and the sum of $175 paid by defendant was refunded to him by Sherman. *Held :*

(1)   That Sherman was fully authorized to execute the assignment in question to the plaintiff; that the defendant is now precluded by his conduct from asserting any claim to the premises by virtue of the Sherman mortgage, and that all of the rights set up by the defendant in the premises, are subject to the plaintiff's claim as assignee of the first mortgage.

(2)   That inasmuch as there had been a breach of the condition of the mortgage for non-payment of the debt and the plaintiff had begun foreclosure thereof by publication before the commencement of this action, the court was not required to award a conditional judgment on motion of the defendant, but that the plaintiff was entitled to judgment for possession as at common law.

On exceptions by defendant.    Overruled.

Real action to recover the possession of certain land situate in Burnham.    Plea, the general issue with a brief statement which is stated in the opinion.

Tried at the April term, 1907, of the Supreme Judicial Court, Waldo County.    After the plaintiff's direct evidence had been

introduced, the defendant moved for a nonsuit which motion was denied.   At the conclusion of all the evidence the presiding Justice ordered the jury to return a verdict for the plaintiff and a verdict was so returned.   The defendant also moved for conditional judgment as provided by Revised Statutes, chapter 92, section 9, which motion was also denied.   To all the aforesaid rulings the defendant then excepted and prayed "that the verdict be set aside and a new trial granted or that conditional judgment on the Sherman mortgage be given."

The case fully appears in the opinion.

*John W. Munson and Harry R. Coolidge*, for plaintiff.

*Wayland Knowlton*, for defendant.

SITTING :   EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, CORNISH, JJ.

WHITEHOUSE, J.   This is a writ of entry to recover possession of certain premises described in the declaration, situated in Burnham in the county of Waldo.   The defendant pleaded the general issue with the following brief statement, namely, " the defendant further says, that he bargained for said premises and took possession of the same by the consent and direction of O. E. Perry, grantor of the plaintiff and said grantor died before the deed was made ; that he continued said possession under the consent of his wife who is an heir to the demanded premises ; that he is also in possession under the consent and direction of Ulysses S. Perry, who is adminstrator of said estate who obtained a writ of possession of said premises, and further he is in possession of said premises by virtue of his wife who is an heir of the aforesaid premises and by virtue of a deed of said premises from Ulysses S. Perry, Elmer I. Perry and Eva A. Jones, who also are heirs to said premises."

Both parties derive title from Oscar E. Perry, who held under a warranty deed from one Crawford dated January 9, and recorded January 14, 1897.   On the same day Oscar E. Perry gave to Charles E. Sherman a mortgage of the premises in the usual form, to secure the payment of $250 which was also recorded January 14, 1897.   On September 3rd, 1897, nearly eight months later, Oscar

E. Perry gave a second mortgage of the premises to his father Isaac B. Perry, conditioned for the support of the latter during his natural life. June 16, 1900, Oscar E. Perry gave a third mortgage of the premises to C. F. Mitchell, the plaintiff in this action, and Dec. 20, 1906, the first mortgage given to Charles E. Sherman Jan. 9, 1897, was assigned to the plaintiff Mitchell. The plaintiff accordingly seeks to enforce the right of possession which pertains to the mortgagee of the first mortgage which contains no stipulation to the contrary.

The defendant's claim that he is entitled to retain possession of the premises is based upon the grounds suggested in his brief statement. The history of his alleged sources of title is as follows: Isaac B. Perry the father of Oscar who held the second mortgage of the premises, conditioned for his support, died in 1900, and Ulysses S. Perry was appointed administrator of his estate. As such administrator, he claimed that there was a breach of the condition of the mortgage given for the support of Isaac B. Perry, and in 1906, recovered judgment by default against the heirs of Oscar E. Perry, and a writ of possession was issued. The defendant Elwell was thereupon put in possession as tenant of Ulysses S. Perry, administrator.

In May, 1906, the heirs of Isaac B. Perry gave a quitclaim deed of the premises to the defendant, and Ulysses S. Perry, as administrator, made an agreement with the defendant that he would release his interest in the premises if the defendant would pay certain bills against the estate of Isaac B. Perry.

All of the rights thus asserted in behalf of the defendant are obviously subject to the plaintiff's claim as assignee of the first mortgage to Sherman. The defendant's counsel, apparently recognizing the unassailable position of the plaintiff upon this state of the evidence, makes his principal assault upon the validity and effect of the assignment of the Sherman mortgage to the plaintiff. He claims that there was in fact a prior assignment of the Sherman mortgage to the defendant; that the defendant never re-assigned to Sherman and hence that Sherman had no interest which he could assign to the plaintiff. On the 12th of June, 1906, the defendant

appears to have been in the possession of the premises by virtue of the agreements and the conveyance to him above described, and on that date, an instrument under seal was executed by and between the defendant and Charles E. Sherman, the owner of the first mortgage. It was not endorsed on the mortgage, but the first part of it purports to be an absolute assignment of the mortgage for the sum of $250 and interest, and the latter part of it is an agreement reciting the fact that the defendant had paid $175, and that he agrees to pay the balance of $75 and interest the following September or October. This instrument was duly acknowledged but was never recorded. Neither the mortgage nor the mortgage notes were delivered by Sherman to the defendant, and the parties appear to have regarded the instrument as an agreement to assign the mortgage rather than an actual assignment. In his testimony the defendant says that Sherman gave him a bond for the next payment and "that he should have the place at such a time" when he paid it; that he offered Sherman the balance due and wanted him to assign it, but Sherman wanted to see the lawyers at Pittsfield before he assigned it to anyone, but they would not agree for him to assign it to him, the defendant, and Sherman assigned it to Mr. Mitchell.

It further appears from the testimony of Mr. Coolidge that the parties met at Pittsfield and on being informed that the plaintiff as the holder of the subsequent mortgage, would have a right, in any event, to redeem from the Sherman mortgage, the defendant said, "perhaps it would be just as well for him to give up his rights, as Mr. Sherman was willing to pay him back all the money he had received." Thereupon Mr. Sherman returned to Mr. Elwell the $175 which he had received, and a writing was drawn up and signed by the parties, cancelling and discharging the former agreement for an assignment. The mortgage was then duly assigned to the plaintiff in consideration of $279, and together with the notes, duly delivered to the plaintiff. This assignment to the plaintiff was duly recorded.

At the trial, the Sherman mortgage with the assignment to the plaintiff duly endorsed upon it, was introduced in evidence by the plaintiff. The notes accompanying the mortgage were then in the

possession of the plaintiff, and upon the demand of the defendant's attorney, were produced by the plaintiff and put in evidence by the defendant. At the close of the evidence, the presiding Justice ordered a verdict for the plaintiff, and refused to grant the defendant's motion for a conditional judgment. The case comes to the Law Court on the defendant's exceptions to these rulings of the presiding Justice.

It is the opinion of the court that the ruling of the presiding Justice ordering a verdict for the plaintiff was correct. The plaintiff had a valid assignment of the first mortgage to Sherman and was entitled, in the absence of any stipulation to the contrary, to possession under that mortgage. The prior instrument executed by and between Sherman and the defendant, whether regarded as an assignment or only an agreement for an assignment, was rescinded and cancelled by mutual consent and the amount paid by the defendant fully restored to him. Sherman was then fully authorized to execute the assignment to the plaintiff which was duly recorded. The defendant is now precluded by his conduct from asserting any claim to the premises by virtue of the Sherman mortgage. The amount of his mortgage debt had been paid to him and he had received all that he would ever have been entitled to receive under an assignment of the mortgage.

In *Howe* v. *Wilder*, 11 Gray, 267, it was held that a mortgagee who has assigned the mortgage and endorsed the mortgage note, may upon the endorsement of the note back to him, and the cancellation of the assignment before it has been recorded, maintain a writ of entry to foreclose the mortgage. In the opinion the court say : "After the indorsement of the note and the assignment of the mortgage to Hastings, and while he was entitled to all the rights conferred upon him by those conveyances, for a full and valuable consideration he sold and transferred the note to the plaintiff, and at the same time delivered to him the mortgage deed, having first effaced and cancelled the deed of assignment, which had never been recorded. The parties supposed that this cancellation would be equivalent to a reassignment; and it was their intent and purpose in this way to restore to the plaintiff all the rights which he originally acquired and

held as mortgagee.   In the mean time no other person had in any way become interested in the estate or in the title to it, which was held by any parties to these transactions.   And by the sale and transfer of the note, if not by the cancellation of the assignment, Hastings then put it out of his power by any future deed to invest a third person with a title which he could effectually assert against the right of the mortgagor to remain in possession of the estate.

If the plaintiff, after the cancellation of the unrecorded deed of assignment to Hastings, had made a second assignment to another party in good faith and for a valuable consideration, it cannot be denied that his right against Hastings would have been perfect and complete."   *Trull* v. *Skinner*, 17 Pick. 213 ;   *Lawrence* v. *Stratton*, 6 Cush. 163.   See also *Day* v. *Philbrook*, 85 Maine, 90 ;   *Morse* v. *Stafford*, 95 Maine, 31 ;   *Matthews* v. *Light*, 40 Maine, 394 ; *Chase* v. *Hinckley*, 74 Maine, 181 ;   *Patterson* v. *Yeaton*, 47 Maine, 308.

The ruling of the presiding Justice refusing a conditional judgment, was also correct.   It is provided by Revised Statutes, section 9, chapter 92, that "the court shall, on motion of either party, award the conditional judgment, unless it appears . . . that the owner of the mortgage proceeded for foreclosure conformably to sections five and seven before the suit was commenced, the plaintiff not consenting to such judgment; and unless such judgment is awarded, judgment shall be entered as at common law."

It appears from the evidence in this case that there had been a breach of the condition of the mortgage in question for non-payment of the mortgage debt, and that the plaintiff had begun foreclosure of the mortgage by publication as provided in section five, chapter 92, Revised Statutes, before the commencement of this action.   The notice of foreclosure was dated Dec. 26, 1906, and it was last published and recorded January 17, 1907.   This action was commenced February 9, 1907.   Judgment must therefore, be entered as at common law.

*Exceptions overruled.*